UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

Serendip LLC,

                        Plaintiff,

          vs.

Paul Joseph,

                        Defendant.

-------------------------------------------------------- x

24-CV-1256-(  )

**COMPLAINT**

Plaintiff Serendip LLC for its Complaint for copyright infringement and related claims, alleges as follows:

## PARTIES

1. Plaintiff Serendip LLC (hereinafter "Serendip") is a limited liability company formed under the laws of the State of New York, with its principal place of business in this District, and is the owner of the copyrights and other rights associated with Wendy Carlos's music works and master sound recordings.

2. Upon information and belief, Defendant Paul Joseph (hereinafter "Joseph" or "Defendant") is a foreign individual residing in the U.K., who uploads music videos to YouTube.com under the user name GuitarSympathizer.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* under 28 U.S.C. § 1338(a), and the other claims set forth below under 28 U.S.C. §§ 1338(b) and 1367(a).

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and

(c)(3), because the subject copyrights are situated, some of the alleged acts occurred in this district, and the Defendant does not reside in the United States.

## BACKGROUND FACTS

5. Wendy Carlos arranged, orchestrated, performed and recorded music of J.S. Bach on the 1968 album "Switched-On Bach", which won three Grammy awards and served to propel Carlos and electronic music with the Moog synthesizer into the public consciousness, while spending many weeks on the lists of top selling classical and popular music albums. After a follow-up album which further demonstrated the unmatched style and quality of Carlos's music, Stanley Kubrick became interested in obtaining the services of Carlos to provide music for the motion picture "A Clockwork Orange", theatrically released by Warner Bros. in 1971. Pursuant to an agreement with Kubrick's production company, Wendy Carlos composed or arranged, orchestrated, performed and recorded six pieces of music over a period of more than one year for specific use in the soundtrack and trailer of the motion picture. "A Clockwork Orange" made the American Film Institute's list of 100 greatest motion pictures, and also appears on lists of the best motion picture music soundtracks.

6. Compensation for the use of Wendy Carlos's music comes from royalties from sales of recorded media such as compact discs, performing rights royalties when the music is heard on radio, television or other venues pursuant to blanket licensing, and specific mechanical, synchronization and master use licenses required when the music is used in connection with audio recordings, motion picture, television or other video images, and radio or Internet uses. In general, following the early years after an album is released, the primary source of revenue for popular pieces of music arises from synchronization and master use licenses, and Serendip receives far more license requests for music from "A Clockwork Orange" soundtrack than any other music by Wendy Carlos.

7.      With the advent of the Internet and websites such as eBay.com and YouTube.com, Serendip has been forced to monitor the content of such sites for the sale of pirate copies of Wendy Carlos's albums or the posting of her music on websites, unauthorized by Serendip or the law. In so doing, Serendip makes use of provisions of the Digital Millennium Copyright Act (DMCA), pursuant to 17 U.S.C. § 512, to protect Serendip's copyrights. Upon information and belief, since 2007, Serendip has found thousands of unauthorized uses of her music on YouTube.com, with the majority utilizing Wendy Carlos's music from "A Clockwork Orange" soundtrack. In the context of such uses of her music, Wendy Carlos's name, album and music titles function as unregistered trademarks of Serendip as a means to identify her music fpr the purpose of a search of video listings on YouTube.com.

## SERENDIP'S COPYRIGHTS

8.      Wendy Carlos's music at issue in this action, entitled "Beethoviana" also known as "Theme from A Clcokwork Orange", was used in the soundtrack of the motion picture "A Clockwork Orange." The unpublished score of this music was registered for copyright in the U.S. in 1971, with Registration Certificate EU297049, and the copyright renewal by Serendip was registered in 2009, with Registration Certificate RE 930-774.

9.      Serendip's copyrights are protected in Fthe U.K. and throughout most of the world under the laws of those countries and through the operation of the various copyright conventions of which the United States is a member, including, without limitation, the Berne Convention, effective March 1, 1989.

10.     Serendip is the owner of the worldwide copyrights in Wendy Carlos's music works relevant to the present claims of this action. Serendip has never assigned the copyrights in such music works to any other entity.

## FIRST CLAIM

## Copyight Infringement

11.  Serendip incorporates by reference paragraphs 1 – 10 as if set forth herein.

12.  Upon information and belief, sometime prior to May 28, 2023, Defendant Joseph, with the YouTube user name GuitarSympathizer, uploaded to YouTube.com, a website based in the USA, a video at the following URL, with video posting title:

https://www.youtube.com/watch?v=sNgZwgYRX58

**A Clockwork Orange Theme Beethoviana**

**Parker Midi Guitar T**

The video contains a performance, on a guitar and a keyboard instrument, of an arrangement made by ear from a sound recording by Wendy Carlos {probably her album "Clockwok Oange, Wendy Carlos's Complete Original Score", which includes all the recorded music she did for Stanley Kubrick's film "A Clockwork Orange"), The recorded music arrangement posted by Defendant on YouTube.com constitutea a derivative work of Wendy Carlos's copyrighted music work "Beethoviana." Pursuant to YouYube's terms, Defendant's posting thereby granted YouTube, by its terms of service, "a worldwide, non- exclusive, royalty-free, sublicenseable and transferable license to use, reproduce, distribute, prepare derivative works of, display, and perform the Content in connection with the Service and YouTube's (and its successors' and affiliates') business, including without limitation for promoting and redistributing part or all of the Service (and derivative works thereof) in any media formats and through any media channels." Defendant also thereby granted "each user of the Service a non-exclusive license to access [the] Content through the Service, and to use, reproduce, distribute, display and perform such Content as permitted through the functionality of the Service and under these Terms of Service." Through its parent company, YouTube maintains

an office in this district, from which, upon information and belief, it sells advertising and licenses music for promotion and streaming on its website, and shares revenues with YouTube licensors.

13. Defendant's unauthorized derivative use of Wendy Carlos's music composition "Beethoviana" would require two separate copyright licenses, available solely at Serendip's discretion: a mechanical license for reproducing a variation of the music in a recording and a synchronization license for using such music in a video on YouTube.com. Wendy Carlos's works for "A Clockwork Orange" have been licensed by Serendip on multiple occasions, with individual copyright license fees offered by licensees as high as $30,000, meaning $60,000 total for the two licenses. Serendip has previously established a minimum individual license fee of $5,000 for any of Wendy Carlos's music, which in the instant case would total no less than $10,000 for the two licenses required. Defendant's gratuitous and unlicensed use of Serendip's copyrighted work has a deleterious effect on the potential future market and value of this work.

14. Defendant has actual or constructive notice that Wendy Carlos's music works are copyrighted and that the copyrights for the works are registered by Serendip in the United States Copyright Office. However, Defendant did not contact Serendip or Wendy Carlos, or anyone, to inquire about obtaining the required copyright licenses for his proposed use.

15. On May 28, 2023, Serendip submitted to YouTube.com a DMCA takedown notice pursuant to 17 U.S.C. § 512(c)(1)(C), alleging that Defendant's video use of Serendip's copyrighted music was not authorized by Serendip or the law.  More than 8 months after YouTube disabled access to Defendant's videos on YouTube.com, Defendant submitted a DMCA counter-notification pursuant to 17 U.S.C. § 512(g)(2), alleging that the videos were removed due to a mistake or misidentification of the material to be removed, and consenting to jurisdiction of

5

a Federal District Court in the United States for a legal action arising from the counter-notification. On or about February 6, 2024, YouTube provided Serendip with a copy of the counter-notification, and notified Serendip and Defendant that, as a result of the counter-notification, Serendip must file a federal court action within 10 business days or YouTube may reinstate the video to YouTube.com.

16. Defendant has infringed Serendip's exclusive rights in its copyrighted music work, "Beethoviana", registered in the U.S. Copyright Office, by, *inter alia*, producing a derivative of this work and distributing and publicly performing this work, in a video uploaded to YouTube.com. The video serves to promote, for the financial gain of various entities, derivative music works, based upon Serendip's copyrighted work, as reproduced in the videos, distributed to the public in the USA. Defendant therefore has directly infringed Serendip's exclusive rights of preparation of derivative works, and public performance of musical works under 17 U.S.C. § 106(2) and (6).

17. Defendant's acts of infringement have been purposeful, and prospectively willful, in disregard of and indifferent to Serendip's rights.

18. As a direct and proximate result of Defendant's infringement of exclusive rights under Serendip's copyrights, Serendip is entitled to damages for each act of copyright infringement pursuant to 17 U.S.C. § 504.

19. Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Serendip great and irreparable injury that cannot fully be measured or compensated in money. Serendip is without an adequate remedy at law. Pursuant to 17 U.S.C. § 502, Serendip is entitled to a permanent injunction prohibiting the Defendant from taking any action which infringes any of the exclusive rights under Serendip's copyright in the music work, including, without limitation, reproducing the work in copies, uploading a video containing

any performance of such work to YouTube.com or any other website, distributing the work to the public, and publicly performing the music work..

## SECOND CLAIM

### Violation of New York General Business Law § 368-d

20. Serendip incorporates by reference paragraphs 1 – 12 as if set forth herein.

21. Upon information and belief, Defendant used Wendy Carlos's name as part of the description of the subject video posted on YouTube.com. Defendant's use of Wendy Carlos's name and the title of her copyrighted work, which constitute Serendip's unregistered trademarks, in connection with listing Defendant's unauthorized derivative work as posted on YouTube.com, and the manner and context of use, have blurred the mark's product identification and have tarnished the affirmative associations the mark has come to convey.

22. Defendant's use of Plaintiff's mark is likely to injure Plaintiff's business reputation and the dilute the distinctive quality and goodwill of Wendy Carlos's name and the value of Serendip's proprietary rights therein.

23. By reason of the foregoing, Serendip has been damaged and is entitled to the remedies provided in New York General Business Law § 368-d.

24. Unless the Defendant is enjoined and restrained from using Wendy Carlos's name and the title of her copyrighted work, Serendip will sustain irreparable injury.

25. Serendip has no adequate remedy at law.

26. Furthermore, Defendant's conduct was willful, wanton, reckless, or malicious, entitling Plaintiff to the award of exemplary damages.

## THIRD CLAIM

### Unfair Competition

27. Serendip incorporates by reference paragraphs 1 – 12 & 21 as if set forth herein.

28. Defendant's conduct alleged above in taking Wendy Carlos's name and the title of her copyrighted musical work for his own purposes in a YouTube video without permission of, or compensation to, Serendip constitutes misappropriation of Serendip's property rights and unfair competition within the meaning of the common law and statutes of the various states in which YouTube videos are distributed.

29. These wrongful acts have proximately caused and will continue to cause Serendip substantial injury, including, without li,itation, loss of potential customers, dilution of goodwill, confusion of existng and potential customers, injury to Wendy Carlos's repitation, and dimunution of the value of her services.

30. By reason of the foregoing, Serendip has been injured in an amount to be ascertained at trial, but in no event less than $10,000.

31. Furthermore, Defendant's conduct was willful, wanton, reckless, or malicious, entitling Plaintiff to the award of exemplary damages.

WHEREFORE, Serendip prays for relief against Defendant Joseph, as follows:

(a) for a declaration that Defendant has infringed Serendip's copyrights, including without limitation, the music copyright for "Beethoviana";

(b) that, pursuant to 17 U.S.C. § 504, Serendip be awarded its actual damages of $10,000, or, upon Serendip's election, statutory damages;

(c) that, pursuant to 17 U.S.C. § 502, Defendant be permanently enjoined from infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, Serendip's copyrights in the music work "Beethoviana", or any other music works by Wendy

8

Carlos, in any manner, including, without limitation, uploading the works to YouTube.com or other websites;

(d) that, pursuant to New York General Business Law § 368-d, Defendant be enjoined and restrained from using Wendy Carlos's name and the title of her copyrighted work "Beethoviana" in connection with listing Defendant's unauthorized derivative work as posted on YouTube.com, or for any other  ew2`commercial purpose;

(e) that Serendip be awarded such damages as it has sustained as a result of Defendant's taking of Wendy Carlos's name and the title of her musical work for his own purposes without permission, and causing injury from this unfair competition, but in no event less than $10,000, and that Defendant be further required to pay  Serendip exemplary damages as a consequence of Defendant's willful, wanton, reckless or malicious conduct;

(f) that, pursuant to 17 U.S.C. § 505, Serendip be awarded its costs and attorneys' fees; and

(g) such other and further relief to Serendip as this Court may deem to be just and proper.

Date:     New York, NY

February 20, 2024

By: _____s/_____
**Annemarie Franklin** (AF-3933)

Annemarie Franklin, Esq.
PO Box 1024 Cooper Station
New York NY 10276-1024
212-475-1630
sdenim@nyc.rr.com

*Attorney for Plaintiff*

9

10