UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
    SERENDIP LLC,

                      Plaintiff,           24-CV-1256 (JMF)

           -v-                                ORDER

    PAUL JOSEPH,

                      Defendant.
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        The Complaint in this case was filed with the Court on February 20, 2024, *see* ECF No. 1, but it appears that service of the Complaint and summons may have been improper. In view of that and the lack of an appearance by Defendant, the initial pretrial conference currently scheduled for May 8, 2024, *see* ECF No. 6, is ADJOURNED to **June 26, 2024**.

        Rule 4(f) of the Federal Rules of Civil Procedure provides that "an individual . . . may be served at a place not within any judicial district of the United States . . . by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Such an individual may be served by another "method that is reasonable calculated to give notice"— including "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt" — "*if there is no* internationally agreed means" of service. Fed. R. Civ. P. 4(f)(2).

        Here, the only proof of service on the docket is the Clerk's Certificate of Mailing pursuant to Rule 4(f)(2)(C)(ii). *See* ECF No. 10. However, such service is permitted only "if

there is no internationally agreed means of service," *id.*, and the Hague Convention governs service of process in this case because the United Kingdom is a signatory to that treaty, *Fallman v. Hotel Insider, Ltd.*, No. 14-CV-10140 (DLC), 2016 WL 5875031, at *3 (S.D.N.Y. Oct. 7, 2016); *see also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) (explaining that service under the Hague Convention is "mandatory in all cases to which it applies").  Accordingly, Plaintiff does not appear to have effected service of process that is consistent with the requirements of the Hague Convention.

If Plaintiff believes that service via mail by the Clerk of Court was proper under Rule 4, it shall file a letter explaining the basis for that position no later than **May 10, 2024**.  Otherwise, no later than **June 14, 2024**, Plaintiff shall file a status update reporting on its progress in serving Defendant under the Hague Convention.

Finally, Plaintiff is directed (1) to notify Defendant's attorneys in this action by serving upon each of them a copy of this Order and (2) to file proof of such notice with the Court by **May 6, 2024**.  If unaware of the identity of counsel for Defendant, counsel receiving this order must forthwith send a copy of this Order to that party personally.

SO ORDERED.

Dated: May 1, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge